Filed 6/26/13  Taus v. Eisner, Kahan & Gorry CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| MICHAEL TAUS et al.,<br><br>    Plaintiffs and Respondents,<br><br>    v.<br><br>EISNER, KAHAN & GORRY et al.,<br><br>    Defendants and Appellants. | B240992<br><br>(Los Angeles County<br>Super. Ct. No. BC479705) |

APPEAL from an order of the Superior Court of Los Angeles County, Kevin C. Brazile, Judge.  Dismissed.

Fink & Steinberg and S. Keven Steinberg for Defendants and Appellants.

No appearance for Plaintiff and Respondent Michael Taus.

Hart, King & Coldren, Robert S. Coldren and Todd A. Picker for Plaintiff and Respondent Lawnae Hunter.

_____

In this appeal from an order denying a petition by defendants and appellants Eisner, Kahan & Gorry, P.C., Timothy Gorry and Michael Eisner to compel arbitration, the trial court denied the petition pursuant to Code of Civil Procedure section 1281.2, subdivision (c), on the ground that defendant Venable, LLP was not a party to the arbitration agreement. At the April 25, 2012 hearing on the petition, the trial court stated that the denial was "without prejudice" to appellants' right to "resubmit" the petition to compel arbitration after the trial court had ruled on a demurrer by Venable, and invited appellants to "bring it again." The trial court ruled: "The motion is denied without prejudice. You can renew it at a future date. We will see what happens in the demurrer" by Venable. On May 3, 2012 appellants filed a notice of appeal from the trial court's April 25, 2012 order.

On September 20, 2012 the trial court sustained Venable's demurrer without leave to amend, so that Venable is no longer a defendant in this case. Although this order is not included in the record, the parties to this appeal agree that the trial court sustained Venable's demurrer without leave to amend. Respondent Lawnae Hunter even asks in the alternative "that the matter be remanded for further proceedings so that the trial court may consider all of her defenses to [appellants'] Petition to Compel Arbitration."

In light of this development, the basis of the trial court's ruling and the issue in this appeal no longer exist. Even if this court were to affirm the trial court's order, appellants could still file the motion the trial court invited them to file. Therefore, this appeal is moot. (See *Los Angeles Internat. Charter High School v. Los Angeles Unified School Dist.* (2012) 209 Cal.App.4th 1348, 1354 ["An appeal will be dismissed where the issues have become moot."]; *In re Salvador M.* (2005) 133 Cal.App.4th 1415, 1422 [appellate court could consider report filed after entry of judgment that rendered issue on appeal moot]; *Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10 ["an action which

2

originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become moot by subsequent acts or events"].)

On May 31, 2013 the court notified counsel for the parties that we intended to dismiss the appeal as moot unless either party established in a written submission filed on or before June 14, 2013 that such a dismissal would not be proper. Appellants have not responded to our May 31, 2013 letter. On June 17, 2013 respondent Hunter advised us that she does not object to the dismissal of this appeal.

Therefore, the appeal is dismissed as moot. Each side is to bear its costs on appeal.

SEGAL, J.[*]

We concur:

PERLUSS, P. J.

ZELON, J.

---

[*]     Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3